UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

YITSCHAK GOLDSTEIN,                              :
                                                 :
                                                 :
                              Plaintiff,          :        14-cv-04477 (NSR)
        -against-                                 :        MEMORANDUM & ORDER
                                                 :
ABRAHAM JOSEPH et al.,                           :
                                                 :
                              Defendants,         :
        -and-                                     :
                                                 :
ATTORNEY GENERAL OF THE STATE OF                 :
NEW YORK et al.,                                 :
                                                 :
                              Relief Defendants.  :

------------------------------------------------------------- X

NELSON S. ROMÁN, United States District Judge

On September 22, 2014, Plaintiff filed his First Amended Complaint[1] naming as a

Defendant *inter alia* Town Justice Steven Milligram of the Justice Court for the Town of

Monroe, Orange County, New York. (*See* First Am. Compl. ¶¶ 155-96, ECF No. 19.) For the

following reasons, Plaintiffs claims against Defendant Steven Milligram are dismissed pursuant

to 28 U.S.C. § 1915(e).

## DISCUSSION

Plaintiff's claims against Justice Milligram arise from eviction proceedings against

Plaintiff before Justice Milligram in the Monroe Justice Court. Specifically, Plaintiff complains

that Justice Milligram purportedly issued a default judgment and eviction order against Plaintiff,

---

[1] The First Amended Complaint was filed in the above-captioned action, No. 7:14-cv-4477-NSR. There are two related cases under the docket numbers 7:14-cv-4479 and 7:14-cv-4480, which are not the subject of this Order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/2014

pre-judged the dispute before receiving Plaintiff's briefings, gave Plaintiff insufficient time to review his adversary's briefings, refused to consider Plaintiff's defenses, refused to reduce oral orders to writing, placed Plaintiff under duress to enter into a stipulation, refused to sign an order to show cause why that stipulation should not be vacated, and signed an eviction order in violation of a Bankruptcy stay.  (First Am. Compl. ¶¶ 155-96.)

A district court must dismiss *sua sponte* any action brought by a *pro se* plaintiff if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claims against Justice Milligram are frivolous because they are barred by the judicial immunity granted in 42 U.S.C. § 1983.

"[J]udges generally have absolute immunity from suits for money damages for their judicial actions," *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009), unless he or she "acted in the clear absence of all jurisdiction," *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005) (quoting *Stump v. Sparkman*, 435 U.S. 349 (1978)), or "if the action in question is not judicial in nature, as when the judge performs an administrative, legislative, or executive act," *id.*

Plaintiff, however, does not seek damages against Justice Milligram.  Instead, Plaintiff seeks declaratory and injunctive relief only.  The Supreme Court has held that the doctrine of absolute immunity does not bar claims for prospective declaratory or injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).  In 1996, however, Congress expanded judicial immunity by amending § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Thus, absolute judicial immunity covers suits against judges for injunctive relief as well,

2

unless preceded by a declaration, or by a showing that such declaratory relief is unavailable. *See, e.g., Jacobs v. Mostow*, 271 F. App'x 85, 88 (2d Cir. 2008) (unpublished opinion) (affirming the dismissal of plaintiff's claims for prospective injunctive relief under Rule 12(b)(6) where the complaint failed to allege "a violation of a prior declaratory decree"); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (affirming a district court's § 1915(e) dismissal of claims against a parole hearing officer, reasoning that plaintiff "alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief").

Here, Plaintiff's claims for injunctive relief are barred pursuant to § 1983 because Plaintiff has not alleged that Justice Milligram violated a prior declaration or that declaratory relief is unavailable. *See Jacobs*, 271 F. App'x at 88; *Montero*, 171 F.3d at 761.

Plaintiff's declaratory claims are likewise barred because they are purely retrospective in nature. Claims for retrospective, as opposed to prospective, declaratory relief against a judge are barred by § 1983. *Krupp v. Todd*, 5:14-CV-0525 GTS/ATB, 2014 WL 4165634 (N.D.N.Y. Aug. 19, 2014); *cf. Francis v. Pellegrino*, 224 F. App'x 107, 108 (2d Cir. 2007) (unpublished opinion) (finding that prospective declaratory relief is not barred by judicial immunity). Plaintiff asks for "declaratory relief . . . to be determined by the Court." (First Am. Compl. ¶ 230.) Nowhere in the First Amended Complaint does Plaintiff purport to seek a prospective declaration with respect to Justice Milligram. Nor does Plaintiff allege an ongoing violation or that Plaintiff will suffer a future injury from Justice Milligram's actions. *See LeDuc v. Tilley*, 3:05CV157MRK, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (finding that plaintiff's claim for declaratory relief was "really a retrospective claim" because it did not seek "relief for a future or ongoing violation"). All allegations with respect to Justice Milligram concern his conduct during past proceedings. "[C]laims for judgment declaring that [a defendant's] past conduct violated federal

law are retroactive in nature, and thus, barred by the doctrine of absolute immunity." *La Scalia v. Driscoll*, No. 10–CV5007, 2012 WL 1041456, at \*7-8 (E.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted). The court is not obligated to entertain actions for declaratory judgment that are not seeking prospective relief, but merely declaring past wrongs. *LeDuc*, 2005 WL 1475334, at \*7. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Moore v. City of New York*, 12-CV-4206 RRM LB, 2012 WL 3704679, at \*2 (E.D.N.Y. Aug. 27, 2012).

Nor was Justice Milligram acting in a "clear absence of jurisdiction." Justice Milligram was adjudicating an action to evict and to recover overdue rent. This falls within the jurisdiction of a Justice Court. *See* N.Y. Real Prop. Acts. Law § 701 (McKinney) ("A special proceeding to recover real property may be maintained in . . . a justice court . . . ."); N.Y. Uniform Just. Ct. Act § 204 (McKinney) ("The [justice] court shall have jurisdiction of summary proceedings to recover possession of real property located in whole or in part within the municipality, to remove tenants therefrom, and to render judgment for rent due without regard to amount.").

Plaintiff's attempt to artfully plead around judicial immunity fails. A "clear absence of jurisdiction" bars judicial immunity only if the judge "must have known that he or she was acting in the clear absence of jurisdiction." *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988); *see also Tucker v. Outwater*, 118 F.3d 930 (2d Cir. 1997). Plaintiff alleges that Justice Milligram lacked subject-matter jurisdiction over the dispute because Plaintiff was not a "tenant," but a contract vendee in possession. (First Am. Compl. ¶¶ 148, 162, 193-94.) But even if this issue is in some sense "jurisdictional," *see* N.Y. Uniform Just. Ct. Act § 204 (granting Justice Courts jurisdiction over proceedings to evict "tenants" and stating nothing about vendees),[2] "[t]he cases

---

[2] Whether Plaintiff had a contract for sale strikes the Court as a merits issue, not one of jurisdiction, but the Court assumes it is in some sense "jurisdictional" for purposes of this analysis.

make quite clear that there is a difference between an action [that] is erroneous or even in 'excess of jurisdiction' and one that is in 'the clear absence of all jurisdiction over the subject matter' such that absolute judicial immunity is unavailable." *Lewittes v. Lobis*, 04 CIV.0155 JSR AJP, 2004 WL 1854082, at *8 (S.D.N.Y. Aug. 19, 2004), *aff'd*, 164 F. App'x 97 (2d Cir. 2006); *accord Maestri*, 860 F.2d at 53; *Tucker*, 118 F.3d 930; *Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009), *certified question answered*, 304 Conn. 234 (2012). This "exacting standard" is met only where, for example, a court of specific jurisdiction exercises jurisdiction over a matter far outside its jurisdictional grant, *see, e.g., Tucker*, 118 F.3d at 934 (citing the example of a probate court justice trying criminal cases), or where a statute plainly divests a court of jurisdiction over the performance of a certain act, *see, e.g., Maestri*, 860 F.2d 50; *Topolski v. Wrobleski*, 5:13-CV-0872 LEK/DEP, 2014 WL 2215761, at *4 (N.D.N.Y. May 29, 2014). If this Court were to strip Justice Milligram of immunity because he adjudicated an action to evict a tenant who was later found to be a vendee in possession, such a finding

> would appear to, for example, strip immunity from a federal district court judge who decides a diversity action if it is later decided that the parties were not truly diverse. In such a case, it is true that the district court lacked subject matter jurisdiction. A judge who did not recognize this flaw in the diversity allegation, however, should still have absolute judicial immunity.

2004 WL 1854082, at *11 n.10. And even so, the First Amended Complaint concedes that Plaintiff could not produce the contract in the Justice Court proceedings. It is reasonable for a Justice to want to see the contract. Therefore, it is not the case that Justice Milligram "must have known that he . . . was acting in the clear absence of jurisdiction." Immunity therefore applies.

## CONCLUSION

Plaintiff's claims as to Defendant Steven Milligram are dismissed with prejudice. The Court respectfully directs the Clerk to terminate Defendant Steven Milligram as a party and to amend the caption of this case accordingly.

Dated:  October 23, 2014
        White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge

6