YITSCHAK GOLDSTEIN
131 Acres Road
Monroe, N.Y., 10950
(845) 783-4480

January 15, 2015

BY HAND DELIVERY
Hon. Judge Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

        RE: Goldstein v. Joseph, et al.,
        14-cv-4477;   (rel.) 14-cv-4480;   (NSR)
        (rel.) KJ Acres LLC v. Goldstein, 14-cv-4479.  (NSR)

Your Honor:

  Please find enclosed herewith a copy of the stipulation that I prepared, signed, and circulated to each of the stipulating parties.  I previously received from Mr. Thalblum a draft stipulation that was found unsatisfactory, and which I refused to sign to avoid being prejudiced as explained further in this letter.

  When I appeared before your honor on December 19, 2014 for a conference, at which time certain of the parties agreed to sign a stipulation to discontinue claims specifically against the attorney defendants in the instant action, it was likewise stated and understood that despite the signing of the stipulation, I would still be permitted to bring an Article 78 proceeding against the New York State office of the Attorney General, relating to the issuance of a no action letter pertaining to my address as stated above, as mandated by GBL 352-e(2), to allow full performance of my contract of sale.

  Mr. Thalblum's draft was not only prejudicial to my rights to bring an Article 78 proceeding, but also contained language that could be severely prejudicial to me in the future outside the scope the scope of the stipulation.  I requested of the parties to include a clear assertion in the stipulation reserving my rights to bring the aforementioned Article 78 proceeding, the response received was unsatisfactory. It appeared their position was that my signing the stipulation would indeed bar me from bringing the aforementioned Article 78 proceeding for a no action letter, no alternative solution or explanation was given.

  In addition to the above and despite clearly being outside the scope of what was agreed in Court, Mr. Thalblum insisted that his and Mr. Taub's clients (non stipulating defendants) must sign on the stipulation through counsel, stating that this will allow them to waive their claims and cross claims against the stipulating defendants. Clearly, doing so would allow the sellers-defendants to continue their fraudulent default by reverting the condominium conversion to its prior state, avoid performance and render my contract moot. The sellers involvement in an Article 78 proceeding may later be crucial since they are the sponsors of the condominium application to the OAG.

  The Courts have held that Article 78 claims may be considered in Federal or Bankruptcy (over)

RECEIVED JAN 16 2015 PRO SE OFFICE

Continued
January 15, 2015
Page 2 of 2 Pages

Courts, and that an ordinary action for declaratory or injunctive relief may also be treated or converted to an Article 78 proceedings under CPLR 103(c), thus signing Mr. Thalblum's draft would clearly prejudice my rights, especially since I brought the instant action within four months of discovering the contract and the no action letter.

This is based in part on: *Saumell v. New York Racing Ass'n, Inc.*, 600 F. Supp. 819, 822 (E.D.N.Y., 1985) citing *Ellentuck v. Klein*, 570 F.2d 414, 423 (2nd Cir. 1978); *Finley v. Giacobbe*, 848 F.Supp. 1146, 1150 (S.D.N.Y., 1994); *Goodstein Const. Corp. v. Gliedman*, 502 N.Y.S.2d 136, 144, 117 A.D.2d 170 (N.Y.A.D. 1 Dept., 1986); *Cromwell Towers Redevelopment Co. v. City of Yonkers*, 41 N.Y.2d 1, 390 N.Y.S.2d 822, 825, 359 N.E.2d 333 (N.Y., 1976); "the courts are empowered and indeed directed to convert a civil judicial proceeding not brought in the proper form into one which would be in proper form, rather than to grant a dismissal, making whatever order is necessary for its proper prosecution".

Also, *In re Karta Corp.*, 296 B.R. 305, 310 (S.D.N.Y., 2003); *Neuman v. Goldberg*, 159 B.R. 681, 685-686 (S.D.N.Y., 1993), holding that Federal Courts may entertain article 78 claims. *Marisol A. By Next Friend Forbes v. Giuliani*, 929 F.Supp. 662, 686-687 (S.D.N.Y., 1996), holding that declaratory and injunctive relief brought in an ordinary action, to review and compel a nondiscretionary duty is available against a State Agency.

I have been unable to resolve this, and I am thankful to the Court for considering and giving me a chance to raise this issue.

Very truly yours,

Yitschak Goldstein

cc:   All counsel by email.
      All others by mail

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YITSCHAK GOLDSTEIN,
          Plaintiff, v.
ABRAHAM JOSEPH, et al,
          Defendants.
------------------------------------------------------------X

USDC SDNY Case No. 14 CV 4477
Hon. Nelson S. Román, U.S.D.J. (the "Federal Court Action")

    IT IS HEREBY STIPULATED AND AGREED, by and between the following stipulating parties: Plaintiff YITSCHAK GOLDSTEIN, and the defendants ATTORNEY GENERAL OF THE STATE OF NEW YORK, COHEN LaBARBERA & LANDRIGAN LLP, RONALD J. COHEN, STEPHEN P. LaBARBERA, STUART THALBLUM, THOMAS C. LANDRIGAN, JOSEPH KUNSTLINGER, and JOSEPH KUNSTLINGER P.C., by their counsel of record in the above-entitled action; and whereas no party is an infant, or incompetent person for whom a committee has been appointed in the above-entitled action, and that same is hereby discontinued with prejudice as against the aforementioned stipulating parties without costs, and as to any and all claims, causes of action, and demands for relief (in law or in equity) which were, or could have been, asserted herein by or on behalf of the aforementioned stipulating parties hereto. Notwithstanding, nothing herein shall be deemed as a waiver by the undersigned plaintiff, or to bar same in any fashion from bringing an Article 78 proceeding and/or claims related thereto against the Office of the New York State Attorney General regarding issuance of a no action letter pertaining to the premises known as 131 Acres Road, Monroe, New York, 10950.

    If this agreement is not signed by all aforementioned stipulating parties and filed with the Court within thirty days of the date hereunder, then same shall become null and void for all intents and purposes. Additionally, any modification or amendments to this agreement absent prior written notice and consent from the aforementioned stipulating parties shall deem this agreement in its entirety null and void ab initio.

    For the purposes of signing this stipulation a facsimile signature will be considered the same as an original. This stipulation may be filed with the Court after providing a signed copy to the aforementioned stipulating parties by email.

DATED:    January 15, 2015

By: _____
Yitschak Godlstein
131 Acres Road, Unit 201
Monroe, NY 10950
(845) 783-4480



RECEIVED
JAN 16 2015
PRO SE OFFICE

Page 2 of 2,  Stipulation - January 15, 2015  EDNY
Goldstein v. Joseph, et al, 14-cv-4477 (NSR)

ATTORNEY GENERAL OF THE STATE OF NEW YORK

By: _____
Adam J. Sansolo, Esq.
Assistant Attorney General
120 Broadway – 24th Floor
New York, NY 10271

COHEN LABARBERA & LANDRIGAN LLP, RONALD J. COHEN, STEPHEN P. LABARBERA, STUART THALBLUM, and THOMAS C. LANDRIGAN

By: _____
Stuart Thalblum, Of Counsel
COHEN, LaBARBERA & LANDRIGAN, LLP
40 Matthews Street, Suite 203
Goshen, NY 10924
845-291-1900

JOSEPH KUNSTLINGER, and JOSEPH KUNSTLINGER P.C.

By: _____ Bernard
Weinreb. Esq.
2 Perlman Drive - Suite 301 Spring
Valley, NY 10977 (845) 369-1019

YITSCHAK GOLDSTEIN
131 ACRES RD. #201
MONROE, N.Y., 10950

RECEIVED
2015 JAN 15 P 11: 48
U S DISTRICT COURT SDNY

RECEIVED
PRO SE OFFICE
2015 JAN 16 A 11: 29

USM SDNY

PRO SE CLERK
US DISTRICT COURT
SDNY
500 PEARL ST
NEW YORK, NY
10007